FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 30 2012

CENTRAL DISTRICT OF CALIFORNIA
BY  Shy  DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. PORTER, | Case No. CV 12-00274 SJO (AN) |
| Petitioner, | ORDER DISMISSING PETITION FOR LACK OF JURISDICTION |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. Background

Petitioner Mark A. Porter is a federal prisoner (Reg. No. 24334-009) who is imprisoned in this judicial district at the Bureau of Prison's United States Penitentiary - Victorville located in Adelanto, California.

On January 11, 2012, Porter filed his pending petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. The Petition, attached exhibits, and relevant federal court records available on PACER establish Porter's current federal custody arises from a 120-month sentence that was imposed against him by District Judge William R. Wilson of the United States District Court for the Eastern District of Arkansas on July 17, 2007 in *United States v. Porter, et al.*, case no. CR 06-00337 ("Sentencing Court"). (Pet. at 2; official federal court records.)

For the reasons discussed below, this Court finds the pending § 2241 petition must be dismissed for lack of jurisdiction.

## II. Discussion

### A. Standard of Review

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam; citations and quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") Local Rule 72-3.2 of this Court further provides that "if it plainly appears from the face of the [habeas] petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

### B. Analysis

In order to determine whether it has jurisdiction over a habeas petition brought by a federal prisoner, a district court must first determine whether the habeas petition is properly brought pursuant to § 2241 or § 2255. *Hernandez*, 204 F.3d at 865. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted), *cert. denied*, 549 U.S. 1313, 127 S. Ct. 1896 (2007); *Harrison v. Ollison*, 519 F.3d 952, 955-56 (9th Cir. 2008). In contrast, a § 2241 habeas petition is the proper mechanism for a federal prisoner seeking to challenge the manner, location or conditions of the execution of his sentence. *Hernandez*, 204 F.3d at 864. The distinction between a § 2255 motion and a § 2241 petition affects not only the type of relief generally available, but also whether a particular district court has jurisdiction to hear the request. *Id.* at 865. A motion to vacate a sentence pursuant to § 2255 must be heard by the sentencing court while habeas corpus petitions under § 2241 may be heard in the district court for the judicial district where the federal prisoner is confined. *Id.* Where a prisoner has properly sought, but been denied, federal habeas relief pursuant to § 2255,

the prisoner cannot circumvent the bar against successive § 2255 motions by merely relabeling a § 2255 motion as a § 2241 petition. *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001).

On the other hand, § 2255 does have an "escape hatch" or "savings clause," which provides that "[a] federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Harrison*, 519 F.3d at 956; *Stephens*, 464 F.3d at 897. The petitioner has the burden of demonstrating § 2255 is "inadequate or ineffective." *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Further, the "inadequate or ineffective" exception is very "narrow" and limited to situations where, unlike here, the petitioner has established he: "(1) [is] factually innocent of the crime for which he has been convicted; and, (2) [he] has never had an 'unobstructed procedural shot' at presenting this claim." *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). Moreover, "the general rule . . . is that the ban on unauthorized second or successive petitions does not *per se* make § 2255 'inadequate or ineffective.'" *Stephens*, 464 F.3d at 898 (quoting *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (quoting § 2255)). Consequently, "§ 2255's remedy is not 'inadequate or ineffective' merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition[.]" *Ivy*, 328 F.3d at 1059.

Porter's pending § 2241 Petition fails to allege or show specific facts that establish he is entitled to seek § 2241 relief in this Court pursuant to § 2255's escape hatch or savings clause. More specifically, the Court finds Porter has failed to meet his burden of showing he is factually innocent of his commitment offense <u>and</u> that he has never had an "unobstructed procedural shot" at presenting this claim as required by *Ivy*, 328 F.3d at 1059-60.

Additionally, the Court finds Porter is improperly attempting to use his pending § 2241 Petition to circumvent the bar against successive § 2255 motions, and that he is using his Petition to attack the sentence imposed against him by the Sentencing Court.

Specifically, the gravamen of Porter's contentions establish he is claiming that, in sentencing him, the Sentencing Court improperly relied upon a P.S.I. Report that gave him points for two open state criminal cases that were ultimately dismissed, therefore, he "is only requesting to be resentenced." (Pet. at 5-6.) Porter alleges he objected to the P.S.I. Report's inclusion of these two open state cases. (*Id.*) The records of the Sentencing Court establish, on June 1, 2009 (not May 22, 2009 as Porter alleges in his Petition), Porter filed a § 2255 motion with the Sentencing Court, which was denied as untimely. (*Porter v. United States*, no. CV 09-00404, Order (dkt. 49) at 2 (E.D. Ark. June 3, 2009). The PACER records further establish Porter never filed an appeal with the Eighth Circuit Court of Appeals, and that he has never sought and obtained the Eighth Circuit's permission to bring a successive § 2255 motion, which must be filed with the Sentencing Court, not this Court.

Based upon the foregoing, this Court finds it must dismiss the pending § 2241 Petition because it lacks jurisdiction to consider it.

### III. Conclusion

For the reasons stated above, the pending § 2241 Petition is construed as an unauthorized second or successive § 2255 motion which this Court lacks jurisdiction to consider and must be presented to the Sentencing Court after Porter obtains approval from the Eighth Circuit. So construed, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. Any and all pending motions are terminated. The Clerk is directed to enter judgment dismissing the Petition and to notify Porter.

IT IS SO ORDERED.

DATED: January 27, 2012

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

Arthur Nakazato
United States Magistrate Judge